

U.S. Department of Justice

Civil Rights Division

Appellate Section
Ben Franklin Station
P.O. Box 14403
Washington, DC 20044-4403

November 9, 2023

<u>VIA CM/ECF</u>

Lyle W. Cayce
U.S. Court of Appeals
 for the Fifth Circuit
600 S. Maestri Place, Suite 115
New Orleans, LA 70130

  Re: *Petteway v. Galveston County*, No. 23-40582

Dear Mr. Cayce,

  At argument on November 7, the panel asked about the status of plaintiffs-appellees' discriminatory-purpose and racial-gerrymandering claims. Oral Arg. 21:06-24:30, 43:05-46:00. Those claims remain undecided, as is commonplace in voting litigation when a results-based claim confers the same relief. The Supreme Court took that approach in *LULAC v. Perry*, 548 U.S. 399, 442 (2006), as did the district courts in *Gingles* and *Milligan*. *See Singleton v. Merrill*, 582 F.Supp.3d 924, 1035 (N.D. Ala. 2022), *aff'd sub. nom. Allen v. Milligan*, 599 U.S. 1 (2023); *Gingles v. Edmisten*, 590 F.Supp. 345, 353 (E.D.N.C. 1984), *aff'd in relevant part sub nom. Thornburg v. Gingles*, 478 U.S. 30, 38, 80 (1986).

  The district court "[did] not need to make findings on intentional discrimination or racial gerrymandering" because "plaintiffs succeed[ed] on their *Gingles* claim." ROA.16032-16033. But the findings it made indicate that plaintiffs-appellees' intent-based claims have a strong basis in evidence. *See*, *e.g.*, ROA.15950-15982 (*Arlington Heights* findings), 16028-16029 (2021 redistricting plan was "mean-spirited" and "egregious" in "circumstances and effect"). Should plaintiffs-appellees' results-based claims fail for any reason, remand to resolve the analytically distinct intent-based claims would be required. If any doubt persists about the district court's holding, remand would let it clarify.

  Also, the County's November 8 letter goes well beyond the panel's request for record citations. At argument, two factual points in the County's rebuttal prompted Judge Jones's request for a Rule 28(j) letter with the citations. Oral Arg. 48:30-49:10, 50:10-50:35 (regarding Commissioner Armstrong's appointment and Alford's opinions on confidence intervals). The County's letter provides assertions and citations on at least *fifteen* points, far more than were in its rebuttal, and many of which were not in its original briefs. Such attempts at supplemental briefing are disfavored. *See* 5th Cir. R. 28.4.

Moreover, the County mischaracterized Alford's opinions on confidence intervals as relating to primary-election results. Oral Arg. 50:10-50:30. Alford's opinions concerned Matthew Barreto's estimates of Latino voting. ROA.15563-15564. The County itself notes Barreto did not analyze primaries (Ltr. 2), so Alford's criticism is irrelevant to the district court's fact-findings on primaries. Regardless, the criticism lacks merit. *See* U.S. Br. 25-26.

Sincerely,

Nicolas Y. Riley
Deputy Chief

*s/ Matthew N. Drecun*
Matthew N. Drecun
Attorney
Appellate Section
Civil Rights Division
(202) 550-9589
Matthew.Drecun@usdoj.gov

cc: Counsel of Record (via CM/ECF)