**WILLKIE FARR & GALLAGHER** LLP

787 Seventh Avenue
New York, NY 10019-6099
Tel: 212 728 8000
Fax: 212 728 8111

November 15, 2023

**VIA ECF**

Lyle W. Cayce
Clerk of Court
U.S. Court of Appeals for the Fifth Circuit
600 S. Maestri Place
70130 New Orleans

Re:   No. 23-40582, Petteway v. Galveston County

Dear Mr. Cayce:

The NAACP/LULAC Plaintiffs respectfully submit this letter to emphasize certain important deadlines relevant to the timing of the Court's pending en banc poll, and—if en banc rehearing is ordered—to the consideration and ultimate disposition of this appeal.

The district court entered judgment on October 13, 2023. ROA.16038–39. On October 18, 2023, a motions panel entered a "temporary administrative stay." On October 19, 2023, the merits panel further extended the administrative stay through November 10, 2023. On November 10, 2023, the panel affirmed the district court's judgment but extended the administrative stay pending an en banc poll.

The "temporary administrative stay" has now been in effect for four weeks. To date, no judge or panel of this Court has adjudicated Defendants' motion for a bona fide stay pending appeal, or considered whether such a stay is warranted under the traditional factors.

This case was filed, litigated, and tried expeditiously in order to obtain effective relief in time for the 2024 election cycle. Thanks to extraordinary efforts by the parties, the district court, and the merits panel, it remains possible for Plaintiffs to obtain relief on that timetable without significant, if any, judicial modifications to state-law deadlines. The deadline for candidates in the 2024 commissioners court election to apply for the primary election ballot is December 11, 2023. TEX. ELEC. CODE § 172.023(a). Should the administrative stay terminate

promptly, there will likely be ample time for the district court to implement the remedial process in advance of that deadline without the need for extension.

Accordingly, the NAACP/LULAC Plaintiffs have not yet sought relief from the temporary administrative stay, on the combined understandings that the administrative stay will be dissolved upon the Court's resolution of the en banc poll, and that the en banc poll will conclude promptly, thus avoiding the need for further emergency relief from this Court or the Supreme Court. However, the NAACP/LULAC Plaintiffs anticipate an imminent need to seek such relief should the administrative stay persist.

Finally, in the event en banc rehearing is granted, the NAACP/LULAC Plaintiffs will oppose any further stay pending appeal.

Respectfully submitted,

s/ Richard Mancino
Richard Mancino

cc: Counsel for all parties via ECF