# United States Court of Appeals
# for the Fifth Circuit

United States Court of Appeals
Fifth Circuit
**FILED**
August 1, 2024
Lyle W. Cayce
Clerk

No. 23-40582

---

Honorable Terry Petteway; Honorable Derreck Rose; Honorable Penny Pope,

*Plaintiffs—Appellees,*

versus

Galveston County, Texas; Mark Henry, *in his official capacity as Galveston County Judge*; Dwight D. Sullivan, *in his official capacity as Galveston County Clerk*,

*Defendants—Appellants,*

---

United States of America,

*Plaintiff—Appellee,*

versus

Galveston County, Texas; Galveston County Commissioners Court; Mark Henry, *in his official capacity as Galveston County Judge*,

*Defendants—Appellants,*

---

Dickinson Bay Area Branch NAACP; Galveston Branch NAACP; Mainland Branch NAACP; Galveston LULAC Council 151; Edna Courville; Joe A. Compian,

*Plaintiffs—Appellees*,

*versus*

Galveston County, Texas; Mark Henry, *in his official capacity as Galveston County Judge*; Dwight D. Sullivan, *in his official capacity as Galveston County Clerk*,

*Defendants—Appellants*.

───────────────────

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 3:22-CV-57
USDC No. 3:22-CV-93
USDC No. 3:22-CV-117

───────────────────

Before Richman, *Chief Judge,* Jones, Smith, Barksdale, Stewart, Elrod, Southwick, Haynes, Graves, Higginson, Willett, Ho, Duncan, Engelhardt, Oldham, Wilson, Douglas, and Ramirez, *Circuit Judges*.

JUDGMENT ON REHEARING EN BANC

This cause was considered on the record on appeal and was argued by counsel.

IT IS ORDERED and ADJUDGED that the judgment of the District Court is REVERSED as to the Section 2 claim and we REMAND for the district court to consider the intentional

discrimination and racial gerrymandering claims brought by the Petteway Plaintiffs and the NAACP Plaintiffs.

IT IS FURTHER ORDERED that Appellees pay to Appellants the costs on appeal to be taxed by the Clerk of this Court.

The judgment or mandate of this court shall issue 7 days after the time to file a petition for rehearing expires, or 7 days after entry of an order denying a timely petition for panel rehearing, petition for rehearing en banc, or motion for stay of mandate, whichever is later. See Fed. R. App. P. 41(b). The court may shorten or extend the time by order. See 5th Cir. R. 41 I.O.P.

James C. Ho, *Circuit Judge*, concurring in part and concurring in the Judgment.

Haynes, *Circuit Judge*, dissenting.

Douglas, *Circuit Judge*, joined by Stewart, Graves, Higginson, and Ramirez, *Circuit Judges*, dissenting.