No. 23-40582

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

―――――――――――――

HONORABLE TERRY PETTEWAY; HONORABLE DERRECK ROSE;
HONORABLE PENNY POPE,

                              Plaintiffs-Appellees

v.

GALVESTON COUNTY, TEXAS; MARK HENRY, in his official capacity as
Galveston County Judge; DWIGHT D. SULLIVAN, in his official capacity as
Galveston County Clerk,

                              Defendants-Appellants

―――――――――――――

UNITED STATES OF AMERICA,

                              Plaintiff-Appellee

v.

GALVESTON COUNTY, TEXAS; GALVESTON COUNTY
COMMISSIONERS COURT; MARK HENRY, in his official capacity as
Galveston County Judge,

                              Defendants-Appellants

DICKINSON BAY AREA BRANCH NAACP; GALVESTON BRANCH NAACP; MAINLAND BRANCH NAACP; GALVESTON LULAC COUNCIL 151; EDNA COURVILLE; JOE A. COMPIAN,

Plaintiffs-Appellees

v.

GALVESTON COUNTY, TEXAS; MARK HENRY, in his official capacity as Galveston County Judge; DWIGHT D. SULLIVAN, in his official capacity as Galveston County Clerk,

Defendants-Appellants

ON APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS

APPELLEE UNITED STATES' OPPOSED MOTION TO AMEND OR CORRECT THE JUDGMENT

Under Federal Rule of Appellate Procedure 27 and this Court's Internal Operating Procedures thereto, the United States respectfully moves this Court to amend or correct the remand instructions set out in the Court's Judgment on Rehearing En Banc, issued August 1, 2024. Those instructions direct the district court "to consider the intentional discrimination and racial gerrymandering claims brought by the Petteway Plaintiffs and the NAACP Plaintiffs." Judgment 2-3. The United States also has a discriminatory-purpose claim under Section 2 of the Voting Rights Act, 52 U.S.C. 10301. That claim remains live because it was not

resolved by the district court and was neither presented nor addressed in this appeal. The United States requests that the Court clarify that the district court's further proceedings on remand include the United States' discriminatory-purpose claim.

1. On May 31, 2022, the United States filed its First Amended Complaint. *See* First Am. Compl., *United States v. Galveston Cnty.*, No. 3:22-cv-0093 (S.D. Tex. May 31, 2022), ECF No. 30. The United States' complaint alleged that the Galveston County Commissioners Court's 2021 redistricting plan violated Section 2 in two respects: (1) because the plan had, "at least in part, the *purpose* of denying or abridging the right to vote on account of race, color, or membership in a language minority group"; and (2) because the "plan *results in*" such denial or abridgement. *Id.* at 24-25 ¶¶ 121-122 (emphases added). "[D]iscriminatory intent" is "an independent basis for liability" under Section 2. *Fusilier v. Landry*, 963 F.3d 447, 463 (5th Cir. 2020). "An election practice violates Section 2 . . . if it is undertaken and maintained for a discriminatory purpose." *Ibid.* (citing *United States v. Brown*, 561 F.3d 420, 432 (5th Cir. 2009)); *see also Brnovich v. Democratic Nat'l Comm.*, 594 U.S. 647, 662, 687 (2021).[1]

---

[1] The Petteway Plaintiffs and NAACP/LULAC Plaintiffs also alleged both discriminatory-results and discriminatory-purpose claims under Section 2 in addition to intentional discrimination and racial gerrymandering claims under the Fourteenth and Fifteenth Amendments. *See* Second Am. Compl. 29-32, *Petteway*

2. The United States litigated both its Section 2 discriminatory-purpose claim and its Section 2 discriminatory-results claim to trial in the district court. *See* United States' Post-Trial Br. 1-13, *Petteway v. Galveston Cnty.*, No. 3:22-cv-57 (S.D. Tex. Sept. 11, 2023), ECF No. 243 (arguing discriminatory-results claim was established at trial); *id.* at 13-25 (arguing discriminatory-purpose claim was established at trial).[2]

3. The United States' Section 2 discriminatory-results claim was governed by the framework set forth in *Thornburg v. Gingles*, 478 U.S. 30 (1986), while its Section 2 discriminatory-purpose claim is governed by the framework set forth in *Village of Arlington Heights v. Metropolitan Housing Development Corp.*, 429 U.S. 252 (1977). *See* U.S. Post-Trial Br. 2, 13-14, ECF No. 243; *Fusilier*, 963 F.3d at 463-467 (applying *Arlington Heights* framework to Section 2 discriminatory-purpose claim).

4. Defendants-appellants acknowledged below that "[t]here are two types of Section 2 claims—an intent claim and an effects (result) claim." *See* Defs.' Proposed Findings of Fact & Conclusions of Law 10, ECF No. 245. And they

---

*v. Galveston Cnty.*, No. 3:22-cv-0093 (S.D. Tex. May 25, 2022), ECF No. 42; First Am. Compl. 36-38, *Dickinson Bay Area Branch NAACP v. Galveston Cnty.*, No. 3:22-cv-117 (S.D. Tex. May 25, 2022), ECF No. 38.

[2] Subsequent citations of district court docket entries are to the *Petteway* docket unless otherwise indicated.

acknowledged that the United States "allege[d] a Section 2 violation based on discriminatory intent." *Ibid.*

5. On October 13, 2023, the district court entered judgment in favor of the United States and other plaintiffs on their claim that the 2021 redistricting plan violates Section 2's results test. *See* Final J., ECF No. 251. As the court explained in its Findings of Fact and Conclusions of Law, the court's ruling was made "[r]egardless of the intent or motivation" of the 2021 plan's adopters. ECF No. 250, at 156-157. "[T]he court decline[d] to reach the plaintiffs' remaining intentional-discrimination and racial-gerrymandering claims." *Id.* at 154.

6. Accordingly, the appeal in this matter has concerned only the United States' and other plaintiffs' Section 2 discriminatory-results claims. As the en banc Court explained, "the issue of intentional discrimination was not part of the district court's Section 2 ruling." Op. 3 n.1. Accordingly, after reversing the district court's judgment as to the results claim, this Court remanded with instructions "for the district court to consider the intentional discrimination and racial gerrymandering claims brought by the Petteway Plaintiffs and the NAACP Plaintiffs." Op. 30. This Court's final judgment provides the same instructions. J. on Reh'g En Banc 2-3. Those instructions, however, do not refer to the United States' intentional-discrimination claim under Section 2.

7. Because the district court did not decide the United States' Section 2 discriminatory-purpose claim, that claim was not presented in this appeal and was not addressed by this Court. Accordingly, the United States' discriminatory-purpose claim remains live, and the district court should address it on remand.

8. Clarifying this Court's remand instructions now will avoid the possibility of confusion and uncertainty in the district court's forthcoming proceedings.

9. Defendants-appellants indicated that they are opposed to the United States' motion and that they will consult and inform the United States within 72 hours whether they plan to file an opposition. The Petteway Plaintiffs do not oppose the motion. The NAACP/LULAC Plaintiffs do not oppose the substantive relief sought in the motion, but they believe any briefing or consideration of this motion should be expedited to allow a decision before the existing date for issuance of the mandate, in order to avoid any prejudice to any party.

For the foregoing reasons, the United States respectfully requests that the Court amend or correct its remand instructions in its Judgment on Rehearing En Banc to reflect that the district court should also consider the United States' discriminatory-purpose claim under Section 2.

Respectfully submitted,

KRISTEN CLARKE
  Assistant Attorney General

s/ Matthew N. Drecun
ERIN H. FLYNN
MATTHEW N. DRECUN
  Attorneys
  Department of Justice
  Civil Rights Division
  Appellate Section
  Ben Franklin Station
  P.O. Box 14403
  Washington, D.C. 20044-4403
  (202) 550-9589

**CERTIFICATE OF SERVICE**

On August 16, 2024, I filed this motion with the Clerk of the Court by using the CM/ECF system. Participants in the case are registered CM/ECF users, and service will be accomplished by the CM/ECF system.

                                                    s/ Matthew N. Drecun
                                                    MATTHEW N. DRECUN
                                                      Attorney

# CERTIFICATE OF COMPLIANCE

This motion complies with the type-volume limit of Federal Rule of Appellate Procedure 27(d)(2) because it contains 969 words, excluding the parts exempted by Federal Rule of Appellate Procedure 32(f).  This motion also complies with the typeface and type-style requirements of Federal Rule of Appellate Procedure 32(a)(5) and (6) because it was prepared in Times New Roman 14-point font using Microsoft Word for Microsoft 365.

                                                s/ Matthew N. Drecun
                                                MATTHEW N. DRECUN
                                                  Attorney

Date:  August 16, 2024