No. 23-40582

Honorable Terry Petteway; Honorable Derreck Rose; Honorable Penny Pope,

                          *Plaintiffs - Appellees*

    v.

Galveston County, Texas; Mark Henry, *in his official capacity as Galveston County Judge*; Dwight D. Sullivan, *in his official capacity as Galveston County Clerk*,

                          *Defendants - Appellants*

United States of America,

                          *Plaintiff - Appellee*

    v.

Galveston County, Texas; Galveston County Commissioners Court; Mark Henry, *in his official capacity as Galveston County Judge,*

                          *Defendants - Appellants*

Dickinson Bay Area Branch NAACP; Galveston Branch NAACP; Mainland Branch NAACP; Galveston LULAC Council 151; Edna Courville; Joe A. Compian,

                          *Plaintiffs - Appellees*

    v.

Galveston County, Texas; Mark Henry, in his official capacity as Galveston County Judge; Dwight D. Sullivan, *in his official capacity as Galveston County Clerk*,

                          *Defendants - Appellants*

On appeal from the United States District Court
for the Southern District of Texas
USDC Nos. 3:22-CV-00057, 3:22-CV-00093, 3:22-CV-00117

**APPELLANTS' RESPONSE TO THE UNITED STATES'
OPPOSED MOTION TO AMEND OR CORRECT THE JUDGMENT
AND APPELLANTS' MOTION TO AMEND THE JUDGMENT**

# APPELLANTS' RESPONSE TO THE UNITED STATES' OPPOSED MOTION TO AMEND OR CORRECT THE JUDGMENT AND APPELLANTS' MOTION TO AMEND THE JUDGMENT

Appellants Galveston County, Texas, the Galveston County Commissioners Court, Galveston County Judge Mark Henry, and Galveston County Clerk Dwight Sullivan ("Appellants" or "Galveston County") file this Response in opposition to the United States of America's ("USA" or "United States") Motion to Amend or Correct the Judgment, which orders that:

> . . . the judgment of the District Court is REVERSED as to the Section 2 claim and we REMAND for the district court to consider the intentional discrimination and racial gerrymandering claims brought by the Petteway Plaintiffs and the NAACP Plaintiffs.

Aug. 1, 2024 en banc Judgment. Galveston County asks that the Court deny the USA's Motion, and further requests that the Court amend its Judgment and order dismissal of all claims.

## ARGUMENT

### I. Response in Opposition to the USA's Motion

**A. This Court's en banc Opinion precludes the USA's requested relief.**

This case has always, and only, presented the issue of a coalition's vote dilution. No Appellee has pled otherwise. Because the USA only raised a vote-dilution coalition claim under Section 2 of the Voting Rights Act ("VRA"), and the en banc Court has held that Section 2 does not permit such claims, the USA's Motion should be denied.

2

### B. The United States has waived any Section 2 intent claim.

This Court has explained that "[t]he waiver doctrine, like the law-of-the-case doctrine, 'serves judicial economy by forcing parties to raise issues whose resolution might spare the court and parties later rounds of remands and appeals.'" *Med. Cntr. Pharmacy v. Holder*, 634 F.3d 830, 834 (5th Cir. 2011); *see also U.S. v. Castillo*, 179 F.3d 321, 326 (5th Cir. 1999) ("[t]he waiver doctrine differs from the law-of-the-case doctrine in that it arises as a consequence of a party's inaction, not as a consequence of a decision on our part") (quotation omitted).

*Holder* is on point. In that case, the district court had ruled that compounding pharmacies are exempt from certain inspections, and on (the first) appeal, that ruling was not challenged. *Holder*, 634 F.3d at 832. The case was remanded, and the district court ruled differently—stating that the government did have authority to conduct such inspections. *Id*. In the second appeal, this Court held that, because the government did not appeal from the district court's original inspection ruling, it forfeited that issue on appeal and it should not have been reopened on remand. *Id*. at 834-35 (citing *Gen. Universal Sys., Inc. v. HAL, Inc.*, 500 F.3d 444, 453 (5th Cir. 2007)). *Holder* explained in a footnote that the doctrines of waiver and law-of-the-case, while not always distinguished, are consistent: they each hold that an issue decided by the district court and not appealed is forfeited, and cannot be reconsidered on remand. *Id*. at 834 n.3.

In its Findings of Fact and Conclusions of Law, the district court discussed the 1982 amendments to the VRA, explaining that the amendments "repudiated" the requirement to prove intentional discrimination and restored the "results test" that was in place before *Bolden* issued. ROA.16032 ¶426 (citing *City of Mobile v. Bolden,* 446 U.S. 55, 44 n.8 (1980) (plurality opinion)). The court then applied the following analysis under the VRA:

> . . . the "right" question following the amendment and *Gingles* is not whether the challenged mechanism "was adopted or maintained with the intent to discriminate against minority voters" but instead whether it left the plaintiffs without "an equal opportunity to participate in the political process and to elect candidates of their choice."

ROA.16032 ¶426 (quotation omitted). The court entered its final judgment concurrently with its findings, and this appeal followed.

The United States asks the Court to amend its Judgment to include remand of the USA's discriminatory intent claim under Section 2. The USA contends its claim remains live because the district court did not resolve it, and this Court did not address it. It is wrong: the district court addressed the claim when it found the VRA "repudiated" proof of intent, and the USA has waived any argument to the contrary by failing to file a cross-appeal or to brief the dismissal here. *See Jackson v. AT&T Ret. Sav. Plan*, 856 Fed. Appx. 515 (5th Cir. 2021) (per curiam) (claims dismissed and not briefed on appeal were abandoned); *Cooper Indus., Ltd. v. Nat'l Un. Fire Ins. Co. of Pittsburgh, PA*, 876 F.3d 119, 127 (5th Cir. 2017) (party is required to

raise alternative arguments to support the judgment in its briefing to avoid forfeiture, even where it was not required to cross appeal); *Lineberry v. U.S.*, 356 Fed. Appx. 673, 674-75 (5th Cir. 2009) (where appellant did not challenge the dismissal of his Section 1983 claim, that claim was abandoned).

Appellants therefore ask that the Court deny the USA's motion to remand any waived or abandoned claim.

**II.     Appellants ask the Court to clarify or amend its Judgment with respect to the NAACP and Petteway Appellees' VRA claims.**

The Petteway Appellees also pled an intentional Section 2 violation; the NAACP Appellees appear to have plead an effects-only VRA claim. To the extent the NAACP Appellees contend that they brought a claim of intentional violation under Section 2, and for the same reasons discussed above, Appellants ask that the Court clarify its Judgment to reflect that it is not remanding any claim for intentional violation of Section 2 of the VRA brought by the Petteway or the NAACP Appellees. This includes any requested relief under 52 U.S.C. § 10302(c), which the district court found was not established or appropriately pled. ROA.16033-34 ¶429.

### III. Appellants ask the Court to alter the Judgment to render complete dismissal.

Appellants ask that the Court alter its judgment to omit the instruction for remand altogether, and to render judgment dismissing Appellees' claims. Appellants incorporate the arguments above here in support, to avoid repetition.

At the panel oral argument on November 7, 2023, Judge Jones pointed out the Appellees' limited request to merely affirm the trial court's judgment without requesting remand. *See* Nov. 2, 2023 NAACP Appellees' Br. at 53 ("The judgment of the District Court should be affirmed, and the motion for stay pending appeal should be denied"); Nov. 2, 2023 Petteway Appellees' Br. at 54 ("For the foregoing reasons, the district court's judgment should be affirmed and the County's motion for a stay pending appeal denied"); Nov. 2, 2023 USA Appellees' Br. at 54 ("For the foregoing reasons, this Court should affirm the district court's judgment and terminate the stay"). In fact, the NAACP Appellees continued to pray only for affirmance in their supplemental briefing. *See* Feb. 14, 2024 NAACP Appellees' Suppl. Br. at 56-58 (arguing they have remand available to them but praying only "[f]or the reasons stated above, the judgment of the District Court should be affirmed"). It was only the USA and Petteway Appellees who (for the first time) affirmatively requested remand in their supplemental briefing to the en banc Court. *See* Feb. 14, 2024 Suppl. Br. USA at 59 (requesting remand if the en banc Court reverses); Feb. 14, 2024 Suppl. Br. Petteway Appellees at 45-47.

Appellees not only failed to ask for remand before the panel, they did not file any cross-appeal, or brief any alternative grounds for affirmance.

When an appellee seeks to either enlarge their own rights or lessen the rights of their adversary after final judgment, they should do so in a cross-appeal. *U.S. v. Am. Ry. Exp. Co.*, 265 U.S. 425, 435-36 (1924). If there is no cross-appeal, an appellee may still "urge in support of a decree any matter appearing in the record, although his argument may involve an attack upon the reasoning of the lower court **or an insistence upon matter overlooked or ignored by it**." *Id*. (emphasis added). This is true regardless of whether the appellee "seeks [] to correct an error or to supplement the decree with respect to a matter not dealt with below." *Morley Const. Co. v. Maryland Cas. Co.*, 300 U.S. 185, 191 (1937). This Court follows this general rule. *See Amazing Spaces, Inc. v. Metro Mini Storage*, 608 F.3d 225, 250 (5th Cir. 2010) (without a cross-appeal, "an appellate court has no jurisdiction to modify a judgment" to essentially change the parties' positions following appeal); *see also Worthen v. Fid. Nat. Prop. & Cas. Ins. Co*., 463 Fed. Appx. 422, 427-28 (5th Cir. 2012) (per curiam).[1] In fact, this Court has explained that where a cross-appeal is not necessary, a party must still raise brief alternative grounds for affirmance in order

---

[1] *But see Tennant v. Jefferson Cty. Comm'n*, 567 U.S. 758, 765 (2012) (per curiam) (where court "failed to afford appropriate deference to West Virginia's reasonable exercise of its political judgment," case was remanded to the district court to address the remaining claims under the West Virginia Constitution). Galveston County, however, believes *Tennant* is distinguishable, and lacks any analysis of remand/rendition or waiver.

to avoid forfeiture. *Cooper Indus.*, 876 F.3d at 127 ("National Union was required to raise these arguments to avoid forfeiture, but it was not required to do so in a cross-appeal. Rather, it should have simply raised them as alternate grounds for affirmance in its opposition brief") (citing *Holder*, 634 F.3d at 834).

In their supplemental briefing, the Petteway Appellees cite *Veasey v. Abbott* in support of remand. *Veasey v. Abbott* noted that courts need not reach constitutional intentional discrimination claims unless the relief sought under them is broader than the relief available under Section 2. *See Veasey v. Abbott*, 830 F.3d 216, 230 n.11 (5th Cir. 2016). The majority explained the discriminatory intent claim was "potentially broader" than for an impact violation. *Id.* at 230 (citing *City of Richmond v. U.S.*, 422 U.S. 358, 378 (1975)). And in *Veasey*, the state **had** appealed the district court's holding on discriminatory intent, triggering a factual review on appeal that resulted in remand. *Id.* at 229-30. What the Petteway Appellees did not do in their supplemental briefing is argue an alternative basis for affirming the judgment.

None of the Appellees raised an alternative basis to affirm even though, as the Petteway Appellees argue, the district court made "findings" "related to intentional discrimination and racial gerrymandering . . . ." Feb. 14, 2024 Suppl. Br. Petteway Appellees at 12. The NAACP Appellees also refer to the district court's findings. *See* Feb. 14, 2024 Suppl. Br. NAACP Appellees at 56-57. They therefore could have,

but did not, argue that there were alternate reasons in the record to support affirmance.

Where Appellees did not cross-appeal,[2] **or** brief any other matter in the record that would require affirmance, and where they did not request remand before the panel, the result should be rendition and dismissal of all claims, not remand.

### P<small>RAYER</small>

Appellants ask that the Court deny the USA's requested relief, clarify its Judgment to reflect that it is not remanding any Section 2 claims to the district court, and amend or alter the judgment to render judgment against all Appellees.

---

[2] The appeal had been expedited, and normal cross-appeal deadlines under the Federal Rules had not yet run. *See* ROA.16038 (October 13, 2023 final judgment); Fed. R. App. P. 4(a)(1)(B) (any party may file a notice of appeal within 60 days if the United States is a party).

Respectfully Submitted,

| PUBLIC INTEREST LEGAL FOUNDATION | GREER, HERZ & ADAMS, L.L.P. |
|---|---|

PUBLIC INTEREST LEGAL FOUNDATION

Joseph M. Nixon
Federal Bar No. 1319
Tex. Bar No. 15244800
J. Christian Adams
South Carolina Bar No. 7136
Virginia Bar No. 42543
Maureen Riordan
New York Bar No. 2058840
107 S. West St., Ste. 700
Alexandria, VA 22314
jnixon@publicinterestlegal.org
jadams@publicinterestlegal.org
mriordan@publicinterestlegal.org
713-550-7535 (phone)
888-815-5641 (facsimile)

GREER, HERZ & ADAMS, L.L.P.

By: /s/ *Joseph Russo*
    Joseph Russo (Lead Counsel)
    Fed. ID No. 22559
    State Bar No. 24002879
    jrusso@greerherz.com
    Jordan Raschke
    Fed. ID No.3712672
    State Bar No. 24108764
    jraschke@greerherz.com
    1 Moody Plaza, 18th Floor
    Galveston, TX 77550-7947
    (409) 797-3200 (Telephone)
    (866) 422-4406 (Facsimile)

    Angie Olalde
    Fed. ID No. 690133
    State Bar No. 24049015
    2525 S. Shore Blvd. Ste. 203
    League City, Texas 77573
    aolalde@greerherz.com
    (409) 797-3262 (Telephone)
    (866) 422-4406 (Facsimile)

*Counsel for Defendants*

# CERTIFICATE OF COMPLIANCE WITH TYPE-VOLUME LIMIT, TYPEFACE REQUIREMENTS, AND TYPE-STYLE REQUIREMENTS

1. This document complies with the word limit of FED. R. APP. P. 27(d)(2)(A) because this document contains **1,863** words which is within the 5,200 word-count limit, excluding the portions exempted by the Rules.

2. This document complies with the typeface and type styles requirements of FED. R. APP. P. 27(d)(1)(E) because this document has been prepared in a proportionally spaced typeface using Microsoft Word 2016 in Times New Roman 14-point font.

*/s/ Angie Olalde*
Counsel for Appellants

Dated: August 26, 2024

# CERTIFICATE OF SERVICE

I certify that, on August 26, 2024, this document and its attachments were electronically served on all counsel of record in this case in accordance with the Federal Rules of Appellate Procedure.

*/s/ Angie Olalde*
Counsel for Appellants