No. 23-40582

# United States Court of Appeals for the Fifth Circuit

Honorable Terry Petteway; Honorable Derrick Rose; Honorable Penny Pope,

*Plaintiffs-Appellees*

v.

Galveston County, Texas; Galveston County Commissioners Court; Mark Henry, *in his official capacity as Galveston County Judge*

*Defendants-Appellants*

United States of America,

*Plaintiff-Appellee*

v.

Galveston County, Texas; Galveston County Commissioners Court; Mark Henry, *in his official capacity as Galveston County Judge*

*Defendants-Appellants*

Dickinson Bay Area Branch NAACP; Galveston Branch NAACP; Mainland Branch NAACP; Galveston LULAC Council 151; Edna Courville; Joe A. Compian; Leon Phillips,

*Plaintiffs-Appellees*

v.

Galveston County, Texas; Mark Henry, *in his official capacity as Galveston County Judge*; Dwight D. Sullivan, *in his official capacity as Galveston County Clerk*,

*Defendants-Appellants*

On appeal from the United States District Court
for the Southern District of Texas
USDC Nos. 3:22-CV-00057, 3:22-CV-00093, 3:22-CV-00117

## PETTEWAY APPELLEES' RESPONSE TO APPELLANTS' MOTION TO AMEND OR CORRECT THE JUDGMENT

# PETTEWAY APPELLEES' RESPONSE TO APPELLANTS' MOTION TO AMEND OR CORRECT THE JUDGMENT

The Court should deny Appellants ("the County's") motion to amend or correct the judgment. The County deceptively quotes from case law, omitting holdings—sometimes just sentences before or after its quoted material—that directly foreclose its position. Its motion—which contends, *inter alia*, that the Petteway Plaintiffs should have cross-appealed from a judgment they *won* that provided complete relief—is contrary to basic principles of appellate jurisdiction and procedure. The Court should swiftly deny it and issue the mandate without delay so that the district court can expeditiously conduct its remand proceedings.

## LEGAL STANDARD

The County's motion "calls into question the correctness of a judgment." *Templet v. HydroChem Inc.*, 367 F.3d 473, 478 (5th Cir. 2004) (quoting *In re Transtexas Gas Corp.*, 303 F.3d 571, 581 (5th Cir. 2002)). "This Court has held that such a motion is not a proper vehicle for rehashing evidence, legal theories, or arguments that could have been offered or raised before the entry of judgment." *Id.* It is reserved for "manifest errors of law or fact" because "[r]econsideration of a judgment after its entry is an extraordinary remedy that should be used sparingly." *Id.*

1

# ARGUMENT

The County's motion should be denied. With respect to the Petteway Plaintiffs, the County makes three arguments: (1) the Petteway Plaintiffs should have cross-appealed the district court's judgment because the district court did not reach their intentional discrimination and racial gerrymandering claims, (2) that the Petteway Plaintiffs were required to ask this Court to decide their intentional discrimination and racial gerrymandering claims in the first instance—in the absence of a decision weighing the evidence by the district court—as alternative grounds of relief, and (3) that the Petteway Plaintiffs cannot pursue their Section 2 statutory intentional discrimination claim on remand. To begin, the County has waived these arguments by failing to raise them until now. The Petteway Plaintiffs join in the United States's argument regarding waiver set forth in their Reply. *See* Doc. 360 at 6-7. Moreover, the County's arguments are meritless and a far cry from showing that this Court's remand order was "manifest error." *Id.*

I. **Petteway Plaintiffs could not cross-appeal from a judgment that granted them complete relief.**

The Petteway Plaintiffs could not have cross-appealed from the district court's judgment because the district court granted the Petteway Plaintiffs all the relief that they sought in the case—an injunction against the map and an order imposing their preferred remedial map. "It is 'more than well-settled' that only an 'aggrieved' party may appeal a judgment." *Cooper Indus., Ltd. v. Nat'l Union Fire Ins. Co. of*

*Pittsburgh, Pa.*, 876 F.3d 119, 126 (5th Cir. 2017) (quoting *In re Sims*, 994 F.2d 210, 214 (5th Cir. 1993)). "Appellate courts review judgments, not opinions. . . . A cross-appeal is generally not proper to challenge a subsidiary finding or conclusion when the ultimate judgment is favorable to the party cross-appealing." *Id.* (internal quotation marks and citations omitted).

The district court entered judgment in Petteway Plaintiffs favor and subsequently ordered the County to implement the remedial map the Petteway Plaintiffs proposed. The Petteway Plaintiffs could not have cross-appealed the judgment *in their favor* because it granted them complete relief. Indeed, the district court did not decide the Petteway Plaintiffs' intentional discrimination and racial gerrymandering claims precisely *because* it had already granted judgment in their favor that afforded them all the relief they sought in the case. *Petteway v. Galveston County*, 698 F. Supp. 3d 952, 1016 (S.D. Tex. 2023). Moreover, the County does not explain how the Petteway Plaintiffs could have cross-appealed a *non-decision* by the district court. It is not as though the district court considered and rejected their remaining claims—it never reached them. Not only is that not appealable for the reasons explained above, it likewise was not error. *See Veasey v. Abbott*, 830 F.3d 216, 230 n.11 (5th Cir. 2016) (en banc) (explaining that court need only decide intentional discrimination claim if remedy is "potentially broader that the remedy the district court may fashion for the discriminatory impact violation"); *Korioth v.*

3

*Brisco*, 523 F.2d 1271, 1275 (5th Cir. 1975) ("Cases are to be decided on the narrowest legal grounds available."). The Petteway Plaintiffs were not required to file a cross-appeal over which this Court would have lacked jurisdiction in order to object to the district court declining to reach issues that would not have altered the scope of relief. Certainly the County offers no explanation for how this Court could have committed "manifest error" by failing to agree with this backwards proposition.

Remarkably, the County twice cites and quotes from other parts of *Cooper Industries* in its Motion without ever disclosing that the *Cooper Industries* Court expressly rejected the same argument they make now—that a cross-appeal from a favorable judgment was required or permissible. *See* County's Mot. at 4, 8 (citing and quoting *Cooper Industries*); *see Johnson v Lumpkin*, 76 F.4th 1037, 1038 (5th Cir. 2023) (per curiam) (admonishing counsel for failing to cite binding Circuit precedent of which they were aware that foreclosed their arguments).

The County's cross-appeal argument is frivolous and the County has unreasonably multiplied these proceedings by asserting it.

## II. Precedent requires remand on the undecided intent and racial gerrymandering claims so that the district court can weigh the evidence elicited at trial.

This Court's and the Supreme Court's precedent *required* remand for the district court to weigh the evidence on undecided intent and racial gerrymandering claims. In *Veasey*, this Court remanded plaintiffs' intentional discrimination claim

4

because such a fact-intensive claim cannot be adjudicated in the first instance by this Court. 830 F.3d at 241 n.31 ("We are not a court to make factual findings in the first instance . . . . We must therefore remand for []weighing of the evidence, rather than conducting that []weighing ourselves."). Likewise, in *Bethune-Hill v. Virginia State Board of Elections*, the Supreme Court held that it could not decide in the first instance a racial gerrymandering claim. 580 U.S. 178, 193 (2017) ("The District Court is best positioned to determine in the first instance the extent to which, under the proper standard, race directed the shape of these 11 districts.").

This rule makes sense because the district court—not this Court—heard the testimony and observed the evidence at trial. The district court—not this Court—is able to make credibility determinations about witness's testimony. Such determinations are especially important for Plaintiffs' intentional discrimination and racial gerrymandering claims.

Here, the district court did not decide whether the County's map was the product of intentional discrimination or racial gerrymandering. The ultimate question on both those claims are questions of fact that only the district court can decide. *Id.* at 229 (intentional discrimination finding a question of fact reviewed for clear error); *Cooper v. Harris*, 581 U.S. 285, 293 (2017) (racial gerrymandering finding a question of fact review for clear error). This Court did not commit "manifest error" by following the Supreme Court's precedent and its own en banc

5

precedent in remanding for the district court to make factual determinations on these unresolved claims.

The County is thus wrong to contend that the Petteway Plaintiffs were required to brief their intentional discrimination and racial gerrymandering claims as alternative grounds upon which the district court's judgment could be sustained by this Court. The Supreme Court's and this Court's precedent *on the specific claims at issue* expressly require that this Court remand them so that the district court can make the necessary factual determinations in the first instance. Briefing whether the County's map was intentionally discriminatory or a racial gerrymander in this appeal would have been futile because settled precedent forecloses this Court from deciding those questions in the first instance. *See United States v. Tirado-Tirado*, 563 F.3d 117, 123 (5th Cir. 2009) ("The law does not require the doing of a futile act." (internal quotation marks omitted)). This Court thus *could not have* affirmed on these alternative grounds, because they must first be decided by the district court. The Petteway Plaintiffs thus correctly explained in their en banc brief that a remand was necessary if the en banc Court overturned its coalition claim precedent.[1]

---

[1] This explanation was not required, because it is "a well-established general rule [that] this court 'will not reach the merits of an issue not considered by the district court'" and must instead remand. *PHH Mortg. Corp. v. Old Republican Nat'l Title Ins. Co.*, 80 F.4th 555, 563 (5th Cir. 2023) (quoting *Magnolia Isl. Plantation, LLC v. Whittington*, 29 F.4th 246, 252 (5th Cir. 2022)). Indeed, it would violate the Petteway Plaintiffs' due process rights had this Court overturned the settled precedent upon

The cases the County cites are inapposite. To begin, they do not involve intentional discrimination or racial gerrymandering claims, which this Court and the Supreme Court have held *cannot* be decided in the first instance on appeal and thus cannot serve as alternative grounds to affirm the judgment below absent a decision by the district court. Second, the cases do not support the County's arguments. For example, the County cites *Amazing Spaces, Inc. v. Metro Mini Storage*, 608 F.3d 225 (5th Cir. 2010). In *Amazing Spaces*, the district court dismissed a plaintiff's claims against a rival company, and in so doing likewise dismissed as moot the defendant's counterclaims and affirmative defenses, including a claim requesting that the plaintiff's trademark be canceled. *Id.* at 250. The defendant did not cross-appeal the dismissal of its cancelation claim but instead raised the issue on appeal. This Court held that it could not decide the issue in the absence of the cross-appeal, but that case would be remanded and "[t]he district court is, *of course*, free to consider [defendant's] cancelation request on remand." *Id.* (emphasis added).

Far from aiding the County, *Amazing Spaces* compels the remand this Court ordered in this case. Consider the two situations—here, the Petteway Plaintiffs' intentional discrimination and racial gerrymandering claims were not reached below and they *could not* cross appeal the judgment in their favor. In *Amazing Spaces*, the

---

which they prevailed under their Section 2 results claim and simultaneously not remanded to allow for a decision on their unresolved claims.

7

defendants' claim was *dismissed*, they did not cross-appeal, and this Court nevertheless held that the district court would *"of course"* be free to revisit its decision on remand. Despite citing and quoting *Amazing Spaces*, the County does not disclose the actual disposition of the case—which flatly forecloses its position opposing remand.

The County's reliance on *Cooper Industries* is also misplaced. County's Mot. at 8. In that case, a party who won a take-nothing judgment but nevertheless *lost* on certain claims in the district court cross-appealed to protect its right to appeal the issues on which it lost in the event the take-nothing judgment was reversed. 876 F.3d at 125-26. This Court held that the cross-appeal was improper and instead the arguments should have been raised as alternative grounds for affirmance in order to avoid forfeiture. *Id.* at 127. In so holding, this Court cited *Medical Center Pharmacy v. Holder*, in which this Court held that a party who *lost* on an issue in the district court but did not appeal could not subsequently raise that issue in a second appeal. 634 F.3d 830, 836 (5th Cir. 2011).

Here, the Petteway Plaintiffs did not *lose* on their intentional discrimination and racial gerrymandering claims, but instead the district court *did not decide* the claims. Because the record lacks the district court's factual findings on the issue

intent or racial gerrymandering, there is simply nothing this Court could have reviewed as alternative grounds for affirmance.[2]

The Supreme Court's and this Court's precedent *foreclose* this Court from deciding these claims in the first instance, and so the Petteway Plaintiffs were not obligated—and could not—advance them as alternative grounds for relief. Instead, this Court properly remanded to the district court to adjudicate those claims in the first instance.

### III. The Petteway Plaintiffs' Section 2 intent claim remains live.

The Petteway Plaintiffs' Section 2 intent claim is live for adjudication on remand. The County raises two arguments to the contrary; neither has merit.[3]

First, the County contends that the en banc opinion in this case "precludes" a Section 2 intent claim because this case presents "only . . . the issue of a coalition's vote dilution" and was only pled as such. County's Mot. at 2. The County misunderstands both the law and the Petteway Plaintiffs' pleading.

---

[2] The County emphasizes that the district court made findings that relate to the Petteway Plaintiffs' intentional discrimination and racial gerrymandering claims. County Mot. at 8. True, but the district court did not make the ultimate finding on those claims—a factual finding—nor did it make other findings that might be relevant to those claims because there was no need for it to do so. Only the district court may make those findings in the first instance.

[3] The County raises these arguments in the context of its Response to the motion filed by the United States, *see* County's Mot. at 2-4, but then asserts them by reference to the Petteway Plaintiffs as well, *id.* at 5.

The Court's en banc opinion "concern[ed] the first *Gingles* precondition, which requires the minority group to be sufficiently large to constitute a majority in a reasonably configured single-member district." *Petteway v. Galveston County*, No. 23-40582, 2024 WL 3617145, at *3 (5th Cir. 2024) (en banc). It held that Plaintiffs could not satisfy *Gingles* 1 because Black and Latino voters cannot be aggregated for that purpose. *Id.* at *5. In doing so, it relied upon the Supreme Court's decision in *Bartlett v. Strickland*, 556 U.S. 1 (2009) (plurality), as the "most important case" on point. *Petteway*, 2024 WL 3617145, at *9.

But in *Bartlett*, the Supreme Court specifically cautioned: "Our holding *does not apply* to cases in which there is intentional discrimination against a racial minority." 556 U.S. at 20 (emphasis added); *see also id.* ("[E]vidence of discriminatory intent 'tends to suggest that the jurisdiction is not providing an equal opportunity to minority voters to elect the representative of choice, and it is therefore unnecessary to consider the majority-minority requirement before proceeding to the ultimate totality-of-the-circumstances analysis." (quoting Br. of United States as *Amicus Curiae* 14)); *cf. id.* ("[I]f there were a showing that a State intentionally drew district lines in order to destroy otherwise effective crossover districts, that would raise serious questions under both the Fourteenth and Fifteenth Amendments.").

Because this Court's en banc decision did not address the Petteway Plaintiffs' unresolved Section 2 intent claim, this Court's decision cannot possibly have

10

"precluded" it as the County contends—particularly in light of *Bartlett*'s exclusion of intent claims from the *Gingles* 1 requirement. Nor would it be appropriate for this Court to have addressed the issue (or to do so now), as the district court must first make a factual finding about the presence of discriminatory intent.

For the same reason, the County mischaracterizes the Petteway Plaintiffs' Count 5, which alleges discriminatory intent under Section 2. Regardless of whether the County *also* intended to discriminate against Latino voters or other minority voters, the Petteway Plaintiffs—three Black voters—allege that *they* were the victims of such intentional discrimination, and the case law permits them to advance that claim without showing the possibility of a majority-Black district.[4] *See, e.g.*, *Bartlett*, 556 U.S. at 20.

Second, the County alleges that the Section 2 intent claim has been "waived" because the Petteway Plaintiffs did not cross appeal or brief the "dismissal" where "the district court discussed the 1982 amendments to the VRA, explaining that the amendments 'repudiated' the requirement to prove intentional discrimination . . . ." County's Mot. at 4 (quoting ROA.16032 ¶ 426). For support, the County cites *Holder*, where the FDA lost an issue on the merits on summary judgment, declined

---

[4] In any event, it would be manifest injustice to rely upon references to minority voters in combination in a plaintiffs' complaint given the state of the law at the time those complaints were filed which was unsettled only by this Court's en banc decision.

to appeal the judgment against it, and then tried to relitigate the issue on remand. 634 F.3d at 836.

*Holder* is inapplicable here. The district court expressly *declined* to decide *any* of the Petteway Plaintiffs' intentional discrimination claims, it did not "dismiss" their Section 2 intent claim. One will search the district court's judgment in vain for the word "dismiss." And the district court's observation that the 1982 amendments repudiated the *requirement* to prove intent under Section 2 is correct. But as this Court, sitting en banc, has held, in doing so Congress did not preclude plaintiffs from alleging intentional discrimination under Section 2. *See Veasey*, 830 F.3d at 241, n.31 ("Congress acted in the face of [*Mobile v. Bolden*] to make it *easier* for minority plaintiffs to combat discriminatory laws—not to make it more difficult. Congress did not eliminate plaintiffs' ability to sue for purposeful discrimination . . . .") (emphasis in original); *see also Fusilier v. Landry*, 963 F.3d 447, 463 (5th Cir. 2020) (explaining that, "independent" of a Section 2 discriminatory *results* claim, "[a]n election practice violates Section 2 and the Fourteenth and Fifteenth Amendments if it is undertaken and maintained for a discriminatory purpose" and that the *Arlington Heights* test applies to these claims).

The Petteway Plaintiffs' Section 2 intent claim is properly a part of the remand in this case, along with their Fourteenth and Fifteenth Amendment intentional

discrimination claims and their Fourteenth Amendment racial gerrymandering claim.

## CONCLUSION

The County has not even attempted to show manifest error in this Court's judgment to remand the Pettway Plaintiffs' intentional discrimination and racial gerrymandering claims, as would be required to warrant a motion to correct or amend the judgment. Indeed, it is the *County's arguments* that are manifest error, as the cases *it cites* demonstrates. The Court should swiftly deny the motion and issue the mandate so that the district court can proceed with the remand proceedings in this case.

September 3, 2024

/s/ Mark P. Gaber
Mark P. Gaber
Valencia Richardson
Simone Leeper
Alexandra Copper
Campaign Legal Center
1101 14th St. NW, Ste. 400
Washington, DC 20005
(202) 736-2200
mgaber@campaignlegal.org
vrichardson@campaignlegal.org
sleeper@campaignlegal.org
acopper@campaignlegal.org

Neil Baron
Law Office of Neil G. Baron

Respectfully submitted,

/s/ Chad W. Dunn
Chad W. Dunn
Brazil & Dunn
1900 Pearl Street
Austin, TX 78705
(512) 717-9822
chad@brazilanddunn.com

K. Scott Brazil
Brazil & Dunn
13231 Champion Forest Dr., Ste. 406
Houston, TX 77069
(281) 580-6310
scott@brazilanddunn.com

Bernadette Reyes

1010 E. Main St., Ste. A  
League City, TX 77573  
(281) 534-2748  
neil@ngbaronlaw.com

Sonni Waknin  
UCLA Voting Rights Project  
3250 Public Affairs Building  
Los Angeles, CA 90095  
(310) 400-6019  
bernadette@uclavrp.org  
sonni@uclavrp.org

*Counsel for* Petteway *Appellees*

**CERTIFICATE OF COMPLIANCE WITH TYPE-VOLUME LIMIT, TYPEFACE REQUIREMENTS, AND TYPE-STYLE REQUIREMENTS**

1. This document complies with the word limit of Fed. R. App. P. 27(d)(2)(A) because this document contains 3,022 words which is within the 5,200 word-count limit, excluding the portions exempted by the Rules.

2. This document complies with the typeface and type style requirements of Fed. R. App. P. 27(d)(1)(E) because the document has been prepared in a proportionally spaced typeface using Microsoft Word Version 2309 in Times New Roman 14-point font.

*/s/ Mark P. Gaber*
Mark P. Gaber
*Counsel for* Petteway *Appellees*

**CERTIFICATE OF SERVICE**

I hereby certify that on September 3, 2024, this document was electronically served on all counsel of record via the Court's CM/ECF system.

*/s/ Mark P. Gaber*
Mark P. Gaber
*Counsel for* Petteway *Appellees*