No. 23-40582

# UNITED STATES COURT OF APPEALS FOR THE FIFTH CIRCUIT

HONORABLE TERRY PETTEWAY; HONORABLE DERRICK ROSE; HONORABLE PENNY POPE,
*Plaintiffs-Appellees*,

v.

GALVESTON COUNTY, TEXAS; MARK HENRY, IN HIS OFFICIAL CAPACITY AS GALVESTON COUNTY JUDGE; DWIGHT D. SULLIVAN, IN HIS OFFICIAL CAPACITY AS GALVESTON COUNTY CLERK,
*Defendants-Appellants*.

---

UNITED STATES OF AMERICA,
*Plaintiff-Appellee*,

v.

GALVESTON COUNTY, TEXAS; GALVESTON COUNTY COMMISSIONERS COURT; MARK HENRY, IN HIS OFFICIAL CAPACITY AS GALVESTON COUNTY JUDGE,
*Defendants-Appellants*.

---

DICKINSON BAY AREA BRANCH NAACP; GALVESTON BRANCH NAACP; MAINLAND BRANCH NAACP; GALVESTON LULAC COUNCIL 151; EDNA COURVILLE; JOE A. COMPIAN,
*Plaintiffs-Appellees*,

v.

GALVESTON COUNTY, TEXAS; MARK HENRY, IN HIS OFFICIAL CAPACITY AS GALVESTON COUNTY JUDGE; DWIGHT D. SULLIVAN, IN HIS OFFICIAL CAPACITY AS GALVESTON COUNTY CLERK,
*Defendants-Appellants*.

---

On Appeal from the United States District Court for the Southern District of Texas
USDC Nos. 3:22-CV-00057, 3:22-CV-00093, 3:22-CV-00117

**PLAINTIFFS-APPELLEES DICKINSON BAY AREA BRANCH NAACP, GALVESTON BRANCH NAACP, MAINLAND BRANCH NAACP, GALVESTON LULAC COUNCIL 151, EDNA COURVILLE, AND JOE A. COMPIAN'S OPPOSITION TO APPELLANTS' MOTION TO AMEND THE JUDGMENT**

Appellees Dickinson Bay Area Branch NAACP, Galveston Branch NAACP, Mainland Branch NAACP, Galveston LULAC Council 151, Edna Courville, and Joe A. Compian ("Appellees") file this Response in Opposition to the Motion by Galveston County, Texas, the Galveston County Commissioners Court, Galveston County Judge Mark Henry, and Galveston County Clerk Dwight Sullivan's ("Appellants") to Amend the Judgment, Doc. 358.

## INTRODUCTION

Appellants' baseless request that this Court amend its final judgment to rule on and deny alternative claims that the district court appropriately did not yet reach is an improper motion for substantive reconsideration that contravenes binding precedent and core principles of constitutional avoidance and appellate review. If adopted, the theory that parties afforded full relief at trial still need to cross-appeal favorable judgments would cause an explosion of unnecessary and illogical appeals by prevailing parties. It would also compel trial courts to discard longstanding principles of judicial efficiency, restraint, and constitutional avoidance, and instead reach legal holdings that are unnecessary to dispose of the matters before them. The blast radius of such a holding cannot be overstated. And in this matter, it would deny Appellees the consideration of alternative grounds for relief that they have petitioned for at the trial court level, and which this Court appropriately remanded. For these reasons, and for those additionally set forth below, Appellants' Motion should be

swiftly denied, and a mandate issued for remand according to this Court's August 1, 2024, judgment.

## ARGUMENT

I. **The Trial Court Properly Applied Principles of Judicial Constraint to Not Reach Plaintiffs' Alternative Claims, and This Court Properly Remanded NAACP/LULAC's Alternative Claims.**

In its findings of Fact and Conclusions of Law, the District Court expressly "decline[d] to reach the plaintiffs' remaining intentional-discrimination and racial-gerrymandering claims" because Appellees "succeed[ed] on their *Gingles* claims." ROA.16032-34. Since the District Court's judgment thus afforded Appellees complete relief on their Section 2 results claim, the District Court determined that it did "not need to make findings on intentional discrimination or racial gerrymandering." ROA.16032-34.

This approach was an appropriate application of judicial restraint and constitutional avoidance that is consistent with Supreme Court and Fifth Circuit precedent,[1] and one that Appellants did not substantively oppose on appeal. In their supplemental briefing to the *en banc* Court, Appellants did no more than request a

---

[1] *See, e.g.*, *Merced v. Kasson*, 577 F.3d 578, 586–87, 595 (5th Cir. 2009) (declining to reach First and Fourteenth Amendment claims where the party's statutory claim, "if successful, obviates the need to discuss the constitutional questions"); *Manning v. Upjohn Co.*, 862 F.2d 545, 547 (5th Cir. 1989) ("Principles of judicial restraint dictate that if resolution of an issue effectively disposes of a case, we should resolve the case on that basis without reaching any other issues that might be presented.").

2

"take-nothing judgment" in their prayer for relief. Appellants' Suppl. En Banc Br. at 62, Doc. 193. But they included no legal authority to justify this request, nor did they meaningfully address Appellees' alternative intentional and racial gerrymander claims. *See generally*, *id.* Their failure to properly bring those arguments at the briefing stage render them entirely inappropriate now, since "[w]hen a party pursues an argument on appeal but does not analyze relevant legal authority, the party abandons that argument." *Binh Hoa Le v. Exeter Fin. Corp.*, 990 F.3d 410, 414 (5th Cir. 2021); *Douglas ex rel. Jason D.W. v. Houst. Indep. Sch. Dist.*, 158 F.3d 205, 210 n.4 (5th Cir. 1998) ("[F]ailure to provide any legal or factual analysis of an issue on appeal waives that issue."); *see also United States v. Fernandez*, 48 F.4th 405, 412 (5th Cir. 2022) (deeming argument raised "for the first time" "[a]t oral argument" to be waived because of failure to "adequately" brief it); United States Appellee's Reply Br. at 6–8, Doc. 360.

By contrast, in opposing Appellants' request for a take-nothing judgment, Appellees affirmatively argued that they would "have available on remand intentional discrimination and racial gerrymandering claims under the VRA and the Fourteenth and Fifteenth Amendments" if the District Court's Judgment were reversed. Appellees' Suppl. Br. at 56–57, Doc. 230-1.[2] As the legal authority cited

---

[2] Appellees have consistently asserted the availability of these claims on remand at all stages of this appeal. *See* Appellees' Br. at 51, Doc. 69 ("There also remain viable

3

in support confirms, "the district court followed the common practice rendering these claims available on remand." *Id.* at 57, n.9 (citing *Tennant v. Jefferson Cnty. Comm'n*, 567 U.S. 758, 765 (2012) ("Because the District Court did not reach plaintiffs' claims under the West Virginia Constitution and the issue has not been briefed by the parties, we leave it to the District Court to address the remaining claims in the first instance")); *Gingles v. Edmisten*, 590 F. Supp. 345, 350 (E.D.N.C. 1984) ("Because we uphold plaintiffs' claim for relief under Section 2 of the Voting Rights Act, we do not address their other statutory and constitutional claims seeking the same relief"), *aff'd in relevant part sub nom. Thornburg v. Gingles*, 478 U.S. 30, 38, 80 (1986). The District Court's Judgment thus appropriately preserved alternative claims for consideration on remand.

Since the District Court did not reach Appellees' intentional discrimination and racial gerrymandering claims in striking down the challenged plan, this Court appropriately remanded those claims when it reversed the Judgment. "As a court for review of errors," this Court does "not . . . decide facts or make legal conclusions in the first instance," but "review[s] the actions of a trial court for claimed errors."

---

constitutional claims that the district court would revisit on remand, and which would likely succeed in invalidating the enacted plan."). And when questioned at the *en banc* oral argument about whether the Court should remand the case, counsel for NAACP/LULAC Appellees also raised the issue of constitutional avoidance and pointed to this Court's decision in *Montano v. Texas*, 867 F.3d 540 (5th Cir. 2017). *Id.* at 546 ("Given that the district court did not reach Montano's claim, the normal course would be to remand for the district court to do so.").

4

*Browning v. Kramer*, 931 F.2d 340, 345 (5th Cir. 1991); *see also Porretto v. City of Galveston Park Bd. of Trs.*, No. 23-40035, 2024 WL 3886181, at *12 (5th Cir. Aug. 21, 2024). As "'a court of review, not of first view,'" if "the district court did not reach" a claim, "the normal course would be to remand for the district court to do so." *Montano*, 867 F.3d at 546 (quoting *United States v. Vicencio*, 647 F. App'x 170, 177 (4th Cir. 2016)).

Appellants provide no basis for their improper motion for reconsideration. They cite only Federal Rule of Appellate Procedure 27, despite that rule pertaining only to reconsideration of procedural orders, and raise no new legal authority. Indeed, *Porretto*, decided only days ago, illustrates *Appellees'* point in a related posture: after a district court dismissed a plaintiff's claims and this Court vacated the dismissal, this Court remanded for the district court to address alternative bases for dismissal raised below but not on appeal. *Porretto*, 2024 WL 3886181, at *12. To do otherwise would have been inconsistent with this Court's limited duty to "review[] the actions of a trial court for claimed errors." *Id.* (quoting *Browning*, 931 F.2d at 345).

The same principle applies here, where this Court already took the only proper course of action: to remand for the District Court to consider those remaining claims in the first instance. *Browning*, 931 F.2d at 345.

Appellants' request that this Court reach Appellees' alternative claims now, before the District Court has ruled in the first instance, thus contravenes well-established practice on which Appellees reasonably relied. Although "this Court may affirm . . . on any ground supported by the record and presented to the district court, [it] generally will not reach the merits of an issue not considered by the district court." *R J Reynolds Tobacco Co. v. Food & Drug Admin.*, 96 F.4th 863, 887 (5th Cir. 2024). Instead, the Court's "standard practice" in such a situation is to "remand [the] case to allow the district court to consider the merits . . . in the first instance." *PHH Mortg. Corp. v. Old Republic Nat'l Title Ins. Co.*, 80 F.4th 555, 563 (5th Cir. 2023); *see also Bethune-Hill v. Va. State Bd. of Elections*, 580 U.S. 178, 193 (2017) ("The District Court is best positioned to determine in the first instance the extent to which, under the proper standard, race directed the shape of these 11 districts.").

## II. Appellants Mischaracterize Appellees' Prior Briefing.

Appellants are also wrong that the Appellees' request for affirmance in this matter somehow failed to preserve the availability of alternative claims on remand. Appellants' suggestion that Appellees were required to also include a specific request for remand in their prayer for relief (Appellants' Mot. at 6, Doc. 358) is unsupported by any legal authority and illogical: if this Court had affirmed the District Court's judgment (as requested), remand would be entirely inappropriate. And requiring an Appellee to request contingent relief if they lose on appeal in their

prayer, even where that argument was clearly set forth within their briefing, would do nothing but add another *pro forma* sentence (or more) to the conclusion of every appellee's brief filed in this Court, and serve as a trap for the unwary—in other words, it would be "worse than unnecessary." *Cooper Indus., Ltd. v. Nat'l Union Fire Ins. Co. of Pittsburgh*, 876 F.3d 119, 127 (5th Cir. 2017).

Similarly, the record does not support Appellants' assertion that NAACP/LULAC Appellees "appear to have plead [sic] an effects-only VRA claim." Appellants' Mot. at 5. Appellees' Complaint alleged that the enacted plan violated Section 2 because it had both "the purpose" (intentional discrimination) *and* "the effect" (results claim) "of denying Black and Latino voters an equal opportunity to participate in the political process and elect representatives of their choice by diluting their voting strength." ROA.20102; *see also* United States Appellee's Mot. at 2–3 n.1, Doc. 352. NAACP/LULAC Plaintiffs-Appellees thus appropriately have available on remand an intentional Section 2 claim, as well as constitutional claims for intentional discrimination and racial gerrymandering.

### III. Appellants' Contention That Appellees Should Have Cross-Appealed a District Court Order Affording Them Full Relief Belies Logic.

It is well established that no cross-appeal is necessary to *defend* a judgment. *See, e.g.*, *Nw. Airlines, Inc. v. Cnty. of Kent*, 510 U.S. 355, 363 (1994) (A "prevailing party need not cross petition to defend a judgment on any ground properly raised below, so long as that party seeks to preserve, and not to change, the judgment.");

7

*Indian Harbor Ins. Co. v. Valley Forge Ins. Grp.*, 535 F.3d 359, 364 n.10 (5th Cir. 2008).

Appellants' argument that Appellees should have filed a cross-appeal of a Judgment they sought to preserve (Appellants' Mot. at 7) thus contravenes established law and, if accepted, would cause an explosion of unnecessary appeals and briefing in this Court. Under Appellants' theory, an appellee would be required to (1) file a cross-appeal on a Judgment they seek to preserve and that has afforded them full relief, and opposing the trial court's appropriate exercise of constitutional avoidance and judicial restraint, (2) in that cross-appeal, forecast all possible contingencies if the Judgment were reversed in whole or in part, before such a reversal happens, and (3) fully brief a request to this Court to address the alternative arguments and evidentiary findings before the trial court has made its own findings. That is absurd. Such requirements would create a considerable amount of unnecessary work for this Court and parties alike.

Appellants cite *Cooper Industries*, for the proposition that an appellee must affirmatively argue on appeal for alternative grounds, even when those alternative grounds were not reached by the district court yet, in order to avoid forfeiture. But *Cooper Industries* holds no such thing: there, this Court sensibly held that a party must raise such alternative grounds where they were *already rejected* by the district court—that is, where the appellant seeks to challenge some aspect of the decision

below. *Id.* at 127. That is simply not the case here, where (as set forth above) Appellees agree that the District Court appropriately did not reach their intentional discrimination and racial gerrymandering claims after affording full relief under the effects test of Section 2. *See Korioth v. Brisco*, 523 F.2d 1271, 1275 (5th Cir. 1975) ("Cases are to be decided on the narrowest legal grounds available."). In short: there was nothing in the District Court's Findings of Facts and Conclusions of Law that Appellees sought to change on appeal. Instead, Appellees sought a full affirmance of a Judgment in their favor that already preserved, as the District Court's order did, the ability for the District Court to reach these claims on remand if necessary. And, as set forth above, Appellees consistently asserted the availability of alternative claims on remand throughout the appeal.

## PRAYER

The Court should deny Appellants' request to modify the Judgment, and instead swiftly issue its mandate for the remand of this case to the District Court for further proceedings on the unresolved intentional discrimination claims (under the Fourteenth and Fifteenth Amendments and Section 2 of the Voting Rights Act), and racial gerrymandering claim (under the Fourteenth Amendment).

|  | Respectfully submitted, |
|---|---|
| September 3, 2024 | */s/ Richard Mancino* |
| SOUTHERN COALITION FOR SOCIAL JUSTICE<br>Hilary Harris Klein<br>Adrianne M. Spoto<br>5517 Durham Chapel Hill Boulevard<br>Durham, NC 27707<br>919-323-3380 | WILLKIE FARR & GALLAGHER LLP<br>Richard Mancino<br>Michelle A. Polizzano<br>Andrew James Silberstein<br>Molly L. Zhu<br>Kathryn C. Garrett<br>787 Seventh Avenue<br>New York, New York 10019<br>212-728-8000 |
| ARNOLD & PORTER KAYE SCHOLER LLP<br>R. Stanton Jones<br>Elisabeth S. Theodore<br>601 Massachusetts Ave. NW<br>Washington, DC 20001 | Aaron E. Nathan<br>1875 K Street, N.W.<br>Washington, DC 20006<br>202-303-100 |
| TEXAS CIVIL RIGHTS PROJECT<br>Sarah Chen<br>1405 Montopolis Drive<br>Austin, TX 78741 | JOAQUIN GONZALEZ, ESQ.<br>1533 Austin Hwy.<br>Ste. 102-402<br>San Antonio, TX 78218 |
| SPENCER & ASSOCIATES, PLLC<br>Nickolas Spencer<br>9100 Southwest Freeway, Suite 122<br>Houston, TX 77074 | |

# CERTIFICATE OF COMPLIANCE WITH TYPE-VOLUME LIMIT, TYPEFACE REQUIREMENTS, AND TYPE-STYLE REQUIREMENTS

1. This document complies with the word limit of FED. R. APP. P. 27(d)(2)(A) because this document contains 2,203 words which is within the 5,200 word-count limit, excluding the portions exempted by the Rules.

2. This document complies with the typeface and type styles requirements of FED. R. APP. P. 27(d)(1)(E) because this document has been prepared in a proportionally spaced typeface using Microsoft Word 2021 in Times New Roman 14-point font.

*/s/ Richard Mancino*
Counsel for Appellees

Dated: September 3, 2024

# CERTIFICATE OF SERVICE

I certify that, on September 3, 2024, this document and its attachments were electronically served on all counsel of record in this case in accordance with the Federal Rules of Appellate Procedure.

*/s/ Richard Mancino*
Counsel for Appellees