# United States Court of Appeals
## for the Fifth Circuit

United States Court of Appeals
Fifth Circuit
**FILED**
September 16, 2024
Lyle W. Cayce
Clerk

_____

No. 23-40582

_____

HONORABLE TERRY PETTEWAY; HONORABLE DERRECK ROSE; HONORABLE PENNY POPE,

                   *Plaintiffs—Appellees*,

*versus*

GALVESTON COUNTY, TEXAS; MARK HENRY, *in his official capacity as Galveston County Judge*; DWIGHT D. SULLIVAN, *in his official capacity as Galveston County Clerk*,

                   *Defendants—Appellants*,

_____

UNITED STATES OF AMERICA,

                   *Plaintiff—Appellee*,

*versus*

GALVESTON COUNTY, TEXAS; GALVESTON COUNTY COMMISSIONERS COURT; MARK HENRY, *in his official capacity as Galveston County Judge*,

                   *Defendants—Appellants*,

_____

DICKINSON BAY AREA BRANCH NAACP; GALVESTON BRANCH

NAACP; Mainland Branch NAACP; Galveston LULAC Council 151; Edna Courville; Joe A. Compian,

*Plaintiffs—Appellees*,

*versus*

Galveston County, Texas; Mark Henry, *in his official capacity as Galveston County Judge*; Dwight D. Sullivan, *in his official capacity as Galveston County Clerk*,

*Defendants—Appellants*.

_____

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 3:22-CV-57
USDC No. 3:22-CV-93
USDC No. 3:22-CV-117

_____

UNPUBLISHED ORDER

Before Richman, *Chief Judge*, and Jones, Smith, Barksdale, Stewart, Elrod, Southwick, Haynes [*], Graves, Higginson, Willett, Ho, Duncan, Engelhardt, Oldham, Wilson, Douglas, and Ramirez, *Circuit Judges*.

Per Curiam:

IT IS ORDERED that the opposed motion of the United States to amend the judgment to reflect that it still has a live discriminatory-intent claim under Section 2 is DENIED.

---

[*] Judge Haynes states that she concurs in the second paragraph of this order and stands by her dissenting opinion in the en banc case for the remainder.

IT IS ORDERED that the motion of Galveston County to amend the judgment is also DENIED.[1]

---

[1] To the extent that the Petteway and NAACP Plaintiffs, in response to the County's motion, ask this court to recognize that they too have discriminatory-intent claims under Section 2, that request is DENIED.

JAMES C. HO, *Circuit Judge*, concurring:

I agree that the motions should be denied. I write to make the following observation: Today's order could have been unanimous. The dissent indicates that they were willing to "deny[] . . . both [motions] without comment." So under our standard practice, the order could have read:

> IT IS ORDERED that the opposed motion of the United States to amend the judgment is DENIED.
>
> IT IS ORDERED that the motion of Galveston County to amend the judgment is also DENIED.

But other members of the court insisted on including the following:

> IT IS ORDERED that the opposed motion of the United States to amend the judgment **to reflect that it still has a live discriminatory-intent claim under Section 2** is DENIED.
>
> IT IS ORDERED that the motion of Galveston County to amend the judgment is also DENIED.

The suggested language describes the first motion accurately. But the language seems unnecessary: No one has expressed any concern that the respected district judge will not comply with our order today, or with our judgment of reversal—which I joined, and which makes clear that, whatever claims may remain on remand, no relief should be granted under Section 2. The language is also contrary to our standard practice: We typically grant or deny a motion of this kind without such extraneous verbiage.

I would not sacrifice principle for the sake of unanimity. But in this case, we can have it all. I don't understand why we'd depart from standard practice when there's nothing at stake. I can't comprehend why our en banc court would decline another easy opportunity to speak with one clear voice.

Dana M. Douglas, *Circuit Judge*, joined by Richman, Stewart, Graves, Higginson, and Ramirez, *Circuit Judges*, concurring in part and dissenting in part:

I concur in the denial of Appellants' motion to amend. On the United States' motion, however, I diverge with the majority.

A majority of the en banc court issued an opinion and judgment in favor of Appellants on August 1, 2024, and remanded "for the district court to consider the intentional discrimination and racial gerrymandering claims brought by the Petteway Plaintiffs and the NAACP Plaintiffs." The United States filed this motion to clarify that, on remand, it still had a Section 2 intentional discrimination claim as well, a clarification it likely deemed necessary because the above list indicates only that the Petteway and the NAACP Plaintiffs had intentional discrimination claims. The majority did not deem such a clarification necessary.

I therefore would have granted the motion to clarify that the United States should have been included in our explanatory remand statement, or, at minimum, I would treat the parties' motions equally, denying them both without comment, confident that the district court judge, assisted by talented party adversaries, will completely interpret and apply our en banc decision. I respectfully dissent.